UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK DePETRO, | Case No. 2:22-cv-00817-MMD-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| MICHAEL MINEV, et al., | |
| Defendants. | |

This action began with a pro se civil-rights complaint submitted under 42 U.S.C. § 1983 by a state prisoner. Plaintiff Frank DePetro has applied to proceed *in forma pauperis*. Docket No. 1. Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on August 1, 2022. Docket No. 6. The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. Docket Nos. 6, 9. The parties did not reach a settlement at the medication conference. Docket No. 11.

Accordingly, for the reasons stated above, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, Docket No. 1, is **GRANTED**. Pauper status doesn't relieve Plaintiff of the obligation to pay the full $350 filing fee under the statute; it just means that Plaintiff can do it in installments. Plaintiff is not required to pay an initial installment of the filing fee and Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security. The full filing fee must still be paid under 28 U.S.C. § 1915(b)(2), however, even if this action is later dismissed.

2. To ensure that Plaintiff pays the full filing fee, the Nevada Department of Corrections will forward payments from the account of **Frank J. DePetro, #77627** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in

months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

3. Service must be perfected no later than April 6, 2023, as required under Federal Rule of Civil Procedure 4(m).

4. Subject to the findings of the screening order, Docket No. 6, no later than January 27, 2023, the Attorney General's Office will file a notice advising the Court and Plaintiff of (a) the names of the defendants it accepts service for, (b) the names of the defendants it does not accept service for, and (c) the names of the defendants it is filing last-known-address information for under seal. As to any named defendant the Attorney General's Office cannot accept service for, the Office will file under seal—but will not serve the inmate Plaintiff—the defendant's last-known address, if it has such information. If the last-known address of any defendant is a post office box, the Attorney General's Office will attempt to obtain and provide the defendant's last-known physical address.

5. If service cannot be accepted for any named defendant, Plaintiff will file a motion identifying the unserved defendant(s), requesting issuance of a summons(es), and specifying a full name and address for the defendant(s). If the Attorney General's Office has not provided last-known-address information for any such named defendant, Plaintiff will provide the defendant's full name and address.

6. Any defendant for which the Attorney General's Office accepts service of process will file and serve an answer or other response to the First Amended Complaint, Docket No. 5, no later than March 7, 2023.

7. Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion, or other document Plaintiff submits for the Court's consideration. If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. LR 5-1. However, if Plaintiff mails the document to the Court, Plaintiff will include with the document a certificate stating the date that a true and correct copy of the document was mailed to defendant(s) or their counsel. If counsel has entered a notice of appearance, Plaintiff will direct service to the individual attorney(s) named in the notice of

appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any document received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate showing proper service when it is required.

8. This case is no longer stayed.

The Clerk of the Court is **INSTRUCTED** to (1) electronically SERVE copies of this order and the First Amended Complaint, Docket No. 5, on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet, which does not indicate acceptance of service; and (2) send a copy of this order to the Finance Division of the Clerk's Office and to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, NV 89702.

IT IS SO ORDERED.

DATED: January 6, 2023.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE