UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANK DEPETRO,<br>    Plaintiff(s),<br>v.<br>MICHAEL MINEV, et al.,<br>    Defendant(s). | Case No. 2:22-cv-00817-MMD-NJK<br>**Order**<br>[Docket No. 39] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 39. Defendants filed a response in opposition. Docket No. 52. Plaintiff filed a reply. Docket No. 54. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **DENIED** without prejudice.

**I.     STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

**II.    ANALYSIS**

In resisting the instant motion, Defendants do not address the substance of the dispute, but instead argue that Plaintiff's motion is untimely and procedurally improper due to a failure to meet-and-confer.

A. Timeliness

The motion to compel was uploaded onto the Court's docket on August 1, 2023.[1] Defendants argue that the motion to compel is untimely because it was filed after the outer deadline for discovery motions, which was set for July 19, 2023. Docket No. 27 at 1. Absent unusual circumstances, motions to compel filed after the outer deadline for discovery motion practice will be denied as untimely. *See, e.g.*, *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019); *Gray v. Cox*, 2016 WL 4367236, at *1, *3 (D. Nev. Aug. 12, 2016) (addressing *pro se* prisoner motion to compel filed after deadline set in the scheduling order). Nonetheless, the Court retains discretion in appropriate circumstances to consider discovery motions filed after the outer deadline. *See, e.g.*, *Fitzpatrick v. Las Vegas Metro. Police Dept.*, 2020 WL 560582, at *5 (D. Nev. Feb. 3, 2020).

In this case, the Court is not persuaded that the motion to compel should be denied as untimely. While the motion to compel was filed after the outer deadline, the discovery at issue was discussed with prior defense counsel and the culmination of this dispute appears to have been delayed by the substitution of new defense counsel. *See* Docket No. 54 at 1.[2] Indeed, Defendants did not even respond to the discovery in dispute until after the discovery cutoff and after the discovery motion deadline. *See* Docket No. 39 at 9 (certificate of service showing discovery responses were served by mail on July 24, 2023). In urging a finding of untimeliness, Defendants focus solely on the expiration of the subject deadline and do not explain how their position comports with these circumstances. Accordingly, the Court is not persuaded that the motion to compel is untimely.

---

[1] The motion to compel is not dated and it is unclear when Plaintiff provided the motion to the prison officials for filing. *Cf. Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009) (applying mailbox rule). Plaintiff must ensure that his future filings are dated and accompanied by a proof of service. *See, e.g.*, Local Rule 5-1. For purposes of this order, the Court assumes the effective filing date is not earlier than August 1, 2023.

[2] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

B.   Meet-and-Confer

Discovery motions must be filed after the movant conducts a meet-and-confer. *See, e.g.*, Local Rule 26-6(c). Plaintiff does not dispute that a meet-and-confer has not yet taken place, but he indicates further that he is prepared to have one. *See* Docket No. 54 at 3. Accordingly, the motion to compel will be denied without prejudice for failing to conduct a meet-and-confer.

### III.   CONCLUSION

For the reasons discussed above, the motion to compel is **DENIED** without prejudice. The parties must confer on the discovery in dispute by September 8, 2023. If necessary following those conferral efforts, any renewed motion to compel must be filed by September 22, 2023.

IT IS SO ORDERED.

Dated: August 25, 2023

_____
Nancy J. Koppe
United States Magistrate Judge