UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK DePETRO,<br><br>                  Plaintiff,<br><br>    v.<br><br>MICHAEL MINEV, *et al.*,<br><br>                  Defendants. | Case No. 2:22-cv-00817-MMD-NJK<br><br>ORDER |

        Plaintiff Frank DePetro, a *pro se* inmate in the custody of the Nevada Department of Corrections, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 21 ("Complaint").) The Court previously ordered that DePetro's allegations of deliberate indifference in violation of the Eighth Amendment proceed against all Defendants. (ECF No. 73.) Because the Court finds exceptional circumstances exist—as further discussed below—the Court will appoint pro bono counsel for DePetro.

        Generally, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court may request an attorney to represent civil litigants unable to afford counsel in exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

        Extraordinary circumstances warrant the appointment of counsel here. DePetro's

Eighth Amendment deliberate indifference to a serious medical need claims have survived summary judgment, indicating a sufficient likelihood of success on the merits. *See Green v. Daniels*, No. 2:21-CV-00681-RFB-VCF, 2023 WL 4868473, at *2 (D. Nev. July 31, 2023) (finding that a plaintiff need only articulate a cognizable claim for relief to satisfy the merits analysis). Moreover, these claims are complex due to the medical issues involved in proving Defendants' alleged failures to provide adequate and timely medical treatment. *See id.*; *Tai Huynh v. Callison*, 700 F. App'x 637, 638-39 (9th Cir. 2017). Appointment of counsel is appropriate, as otherwise "[w]ithout counsel and while incarcerated, [DePetro would be] expected to locate a medical expert willing to submit an affidavit on his behalf, manage discovery for his multi-party . . . lawsuit, and conduct a full trial." *Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018). Such an expectation would overwhelm DePetro's ability to articulate his claims *pro se*. *See id.* The Court accordingly refers this case to the Pro Bono Program for counsel to be appointed for purposes of trial.

It is therefore ordered that this case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for DePetro. The scope of appointment will be for the limited purposes of representing DePetro at trial. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case. Accordingly, this case is referred to the Pro Bono Program for appointment of counsel for the purposes as stated herein.

It is further ordered that the Clerk of Court forward this order to the Pro Bono Liaison.

It is further ordered that under LR 16-5, the Court finds that it is appropriate to refer this case to Judge Koppe to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

/ / /

/ / /

1 | DATED THIS 29th Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE