1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

FRANK DEPETRO,

     Plaintiff(s),

v.

MICHAEL MINEV, et al.,

     Defendant(s).

Case No. 2:22-cv-00817-MMD-NJK

**ORDER**

[Docket Nos. 84, 85, 87]

On March 14, 2024, the parties reached a settlement during a settlement conference. Docket No. 80. In the intervening months, Defendants filed status reports concerning settlement, Docket Nos. 81, 82, but not dismissal papers. The deadline to file dismissal papers expired on July 10, 2024. Docket No. 83. On July 8, 2024, Plaintiff filed a motion to enforce settlement. Docket No. 84. Defendants did not respond to that motion. On July 29, 2024, the Court ordered Defendants and their counsel to show cause why the motion to enforce settlement should not be granted as unopposed and why they should not be sanctioned. Docket No. 85. Defendants have now filed a response to the order to show cause. Docket No. 86. Plaintiff has also recently filed a motion to supplement the Court's order to show cause. Docket No. 87.

The Court is extremely concerned by the circumstances presented. The parties reached a settlement <u>five months ago</u> and, yet, basic components of the settlement terms have not been met by Defendants in timely fashion. As an example, Defendants acknowledge that the settlement included an order of a pair of shoes from an approved vendor, Docket No. 86 at 2, but nonchalantly state that (five months later) it is "unclear" why this shoe order did not get to Plaintiff and that it has now been processed, *see id.* at 3. As another example, Defendants acknowledge that the settlement required them to follow any medical orders stemming from the MRI, subject to NDOC procedures and "in a timely manner," *id.* at 2,[1] but nonchalantly state that an egg crate mattress still has not been provided "due to end-of-year fiscal issues" and that it is now being processed,

---

[1] The MRI took place April 2, 2024, and the medical directive for the egg crate mattress was provided on May 6, 2024. *Id.* So, Defendants have had over three months to obtain one.

1

*id.* These circumstances fall woefully short in accounting for months' long delays and the Court is very concerned as to whether the defense is taking seriously its obligations to comply with the settlement terms to which Defendants agreed. *Cf. Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1046-47 (D. Nev. 2021) (addressing sanctions in relation to motion to enforce settlement). Indeed, it is beyond the pale that, in <u>a case arising out of allegations of deliberate indifference to Plaintiff's serious medical needs</u>, Defendants are not complying in prompt fashion with the terms of the settlement agreement <u>designed to address Plaintiff's serious medical needs</u>.

Hence, it is currently undisputed that the terms of the settlement agreement still have not been met by Defendants despite the passage of months, so the motion to enforce settlement is plainly meritorious. Moreover, no good reason was advanced for Defendants not responding to the motion to enforce settlement,[2] so it may also be granted as unopposed. *See* Local Rule 7-2(d).

Accordingly, Plaintiff's motion to enforce settlement (Docket No. 84) is **GRANTED**.[3] Defendants must comply with the terms of the settlement agreement by September 13, 2024, and Defendants must file a notice of compliance by that date. The Court **DEFERS** ruling on the order to show cause (Docket No. 85) as to why sanctions should not be imposed. Plaintiff's motion to supplement (Docket No. 87) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: August 22, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Defense counsel states that she did not respond to the motion because she "believed progress was being made" between the parties. *Id.* at 3. That is not a basis to ignore a motion. Moreover, counsel's head-in-the-sand approach ignores the fact that the Court <u>ordered</u> the filing of dismissal papers by July 10, 2024. Docket No. 83. The papers provide no justification for Defendants ignoring the Court's order. *Cf. U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, at *4 (D. Nev. Feb. 2, 2018) ("If a deadline cannot be met, the proper course is assuredly not to simply ignore an order").

[3] Motions to enforce settlement are sometimes treated as dispositive matters beyond the authority of a magistrate judge to resolve, particularly when the parties dispute the existence or terms of settlement. In this case, there is no dispute that a settlement was reached or as to the terms of settlement. Instead, the parties are before the Court effectively with regard to the need to comply with the Court's deadline to file dismissal papers. Enforcing the order to file dismissal papers is a non-dispositive issue, so the Court issues this ruling in the form of an order.